UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY WOODARD,

    Plaintiff,

v.

    Case No. 2:22-cv-28

    Hon. Hala Y. Jarbou

UNKNOWN HOOVER,

    Defendant.
_____/

## ORDER

Plaintiff Jeffrey Woodard, a state prisoner, brings this civil rights action under 42 U.S.C. § 1983 against Sergeant Hoover, a corrections officer at Baraga Correctional Facility in Baraga, Michigan. Woodard alleges that Sgt. Hoover used excessive force against him and acted with deliberate indifference towards his medical needs in violation of his Eighth Amendment rights.

On June 21, 2023, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R&R) recommending that the Court grant Defendant's motion for summary judgment. Before the Court are Woodard's objections to the R&R (Pl.'s Objs., ECF No. 30) and Hoover's response to those objections (Def.'s Resp., ECF No. 33).

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Woodard's claims pertain to the use by Sgt. Hoover of a chemical agent after Woodard's refusal to submit to a strip search. The magistrate judge discussed the facts and evidence at length in the R&R. The Court will not reiterate those facts here.

Woodard's objections to the R&R primarily restate his complaint and make conclusory legal arguments disagreeing with the Magistrate Judge. Defendant argues that Plaintiff's objections should be overruled on this basis alone, but the pro se nature of this proceeding warrants a closer look. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Construing the objections more liberally, Woodard focuses on two issues: the effect of his pre-existing health conditions on the Eighth Amendment analysis and Defendant's alleged violation of prison policies and procedures. Additionally, Woodard objects to the R&R's finding that Defendant is entitled to qualified immunity.

Objection 1—Pre-Existing Health Condition

Woodard argues that "because of [his] preexisting health problems, (hypertension, heart-disease and only one functioning lung)," the use of a chemical agent "would severely jeopardize [his] life." (*Id.*) While the R&R briefly discusses Plaintiff's preexisting condition in the context of his deliberate indifference claim (*see* R&R at 15 n.4), Woodard appears to argue in his objection that this could render the initial choice of force itself unconstitutional.

The Sixth Circuit has declined to address whether "special medical conditions" alter the Eighth Amendment excessive force analysis. *See Courtwright v. City of Battle Creek*, 839 F.3d 513, 518 n.1 (6th Cir. 2016). Nevertheless, the Eighth Amendment analysis is necessarily context-specific and features both an objective and a subjective component. *See, e.g., Johnson v. Sootsman*, No. 22-1937, 2023 WL5274516, at *4-5 (6th Cir. Aug. 16, 2023) (summarizing the Sixth Circuit's approach to this analysis). The R&R discusses the particulars of the Eighth

2

Amendment analysis in detail. (*See* R&R at 7-14.) Critically, a Plaintiff must establish both the objective and subjective components to succeed on an excessive force claim.

The subjective component is a roadblock for Plaintiff, even in the context of a preexisting medical condition which may have put him at a higher risk of injury from Defendant's use of a chemical agent. The "core judicial inquiry" for this component is "distinguishing between force used in a 'good-faith effort to maintain or restore discipline' and force used 'maliciously and sadistically to cause harm.'" *Sootsman*, 2023 WL 5274516, at *5 (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). The Supreme Court points to several factors in making this inquiry, including the extent of the prisoner's injury, the nature of the threat that justified the use of force, the proportionality of the force to the threat, and whether the officer took any actions designed to reduce the required amount of force. *Id.* at *7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The subject component is demanding. "The negligent use of force—even the reckless use of force—does not establish an Eighth Amendment claim; [a plaintiff] must prove the malicious use of force *for the exclusive purpose to inflict pain*." *Id.* at *9 (emphasis added).

The R&R thoroughly analyzes the subjective component of the excessive force claim, and Woodson's preexisting medical condition does not alter this analysis. As Woodard himself acknowledges, the use of the chemical agent came after his repeated refusals to comply with a requested strip search. (Compl. ¶¶ 11, 13, 16, 17, ECF No. 1.) The video shows Sgt. Hoover explaining to Woodard that he will use the chemical agent if Woodard continues to refuse the strip search (Video, 00:13-00:27, ECF No. 23), giving him several "final" warnings (*id.*, 00:30-00:33; 00:47-00:49), and finally pleading "[c]ome on, I don't want to do this" (*id.*, 00:51-00:56).

Together, these undisputed facts would not permit a reasonable jury to find Sgt. Hoover acted with the requisite "malevolent intent," even when viewed in the light most favorably to

3

Woodard. Rather, these facts indicate that Sgt. Hoover acted, perhaps reluctantly, in a "good-faith effort to maintain or restore discipline" after making multiple attempts to avoid the need for the chemical agent. *See Sootsman*, 2023 WL 5274516, at *5. Even while it appears that Sgt. Hoover knew of Woodard's high risk (*see* Video 08:45-08:50), his repeated warnings to Plaintiff and his provision of remedial measures following the use of the chemical agent (*see id.*, 08:29; 08:45-08:50; 14:30-14:33) belie a malevolent intent to use force "for the exclusive purpose to inflict pain."

<u>Objection 2—Prison Policy</u>

Woodard further argues that Sgt. Hoover broke state prison rules and regulations when he used a chemical agent in response to a "minor rule violation." (Pl.'s Objs. 1.) Without addressing the merits of this assertion, Woodard's argument amounts to a claim that Defendant broke prison policy and state law in deploying the chemical agent in these circumstances. But § 1983 does not provide redress for a violation of a state law or prison policy. *See Laney v. Farley*, 501 F.3d 577, 580-81 & n.2 (6th Cir. 2007). And whether Defendant followed prison policy does not bear on the Eighth Amendment analysis. *See Sootsman*, 2023 WL 5274516, at *10 (emphasizing that state law enforcement agencies may choose to hold their employees to a higher standard than the constitution requires).

<u>Objection 3—Qualified Immunity</u>

Plaintiff objects to a finding of qualified immunity for Sgt. Hoover. To defeat a qualified immunity defense in this context, a plaintiff must establish two points. First, that the defendant has violated the plaintiff's Eighth Amendment rights and, second, that those rights were so "clearly established" that any officer would have recognized the violation. *See Sootsman*, 2023 WL 5274516, at *4 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Courts may resolve these

4

two "in any order," either by first holding the constitutional claim fails on the merits or by holding the defendant's conduct did not violate clearly established law. *Id.* at *4. Here, the Court rejects Woodard's Eighth Amendment claims on the merits and thus agrees with the R&R on the issue of qualified immunity.

Although Plaintiff does not specifically raise a sovereign immunity objection, the Court also agrees with the R&R on this issue and finds that Defendant is protected by sovereign immunity to the extent Plaintiff seeks damages from Defendant in his official capacity.

On review, the Court concludes that the R&R correctly analyzes the issues and makes a sounds recommendation.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 27) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 21) is **GRANTED**.

A judgment will enter consistent with this order.


Dated: September 7, 2023                    /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE

5